IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **ZACHARY PAUL CRUZ**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **CAPTAIN VERONICA CARROLL,** | ) | |
| in her individual capacity | ) | |
| **GAYLE KITE**, | ) | |
| and | ) | JURY TRIAL DEMANDED |
| **NELSON A. HERNANDEZ,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Zachary Paul Cruz files this Complaint against Defendants Captain Veronica Carroll of the Broward County Sheriff's Office, Gayle Kite, and Nelson A. Hernandez, utilizing 42 U.S.C. § 1983 as the statutory vehicle to vindicate Mr. Cruz's rights under the Fourth and Fourteenth Amendment of the U.S. Constitution and all other applicable laws. In support thereof, Plaintiff states:

## INTRODUCTION

Fear drove the Defendants to trample the Constitutional rights of Mr. Cruz because he is related to a man who committed a heinous act. On March 19, 2018 Broward County Deputies arrested Zachary Cruz on a simple misdemeanor trespass charge with a court scheduled bond of $25. Once Cruz arrived at Broward County Jail, his constitutional rights vanished. While Mr. Cruz requested to pay his bond as early as 7:00

1

pm, Defendant Carroll refused to permit him to do so. Cruz's $25 bail was eventually posted at approximately 9:45 pm on the day of his arrest by a third party. Records show that about an hour later, knowing that Cruz's bond had been paid, a decision was made that Cruz was at danger of being released 'into the streets', and a certification of involuntary commitment was issued to prevent said release. Against the Constitution and the law, Defendants devised a course of action to unlawfully detain Mr. Cruz in Broward County Jail. Upon information and belief, this scheme was condoned, ordered, and ratified by Defendant Carroll and carried out by Defendant Kite.

The decision that Cruz's release presented a danger to himself or to anyone else is baseless. Aware that justification to hold Mr. Cruz was lacking, Defendants Carroll and Kite were willing to take any actions necessary to prevent Mr. Cruz's release, all because Plaintiff's brother is Nikolas Cruz, the alleged shooter at Stoneman Douglas High School. Based on the mental health status of Nikolas Cruz, Defendants assumed – no, rather they decided – that Plaintiff Zachary Cruz was mentally ill. Defendant Kite maliciously initiated proceedings, on nonexistent grounds, for the involuntary examination of Mr. Cruz under Florida's 'Baker Act.' Based on Defendant Kite's "findings," Mr. Cruz was detained in Broward County Health Center for 5 days. Once at Broward County Health Center, Defendant Hernandez, a doctor, initiated proceedings for the termination of Mr. Cruz's authority to make medical decisions, though there were no signs of mental illness. After 5 days, BHMC decided against prescribing Cruz any mental health medication; because based on their professionals' observation, Cruz simply did not display the signs

2

of a mentally disturbed person. Consequently, Cruz was released back to Defendant Carroll.

Unlawfully confining Cruz to jail, shipping him to a mental health facility with no objective justification, taking away his authority, and then bringing him back to jail caused Mr. Cruz to suffer undue and severe distress.

<u>**JURISDICTION AND VENUE**</u>

1.

This Court has jurisdiction over the federal claims in this action in accordance with 28 U.S.C. § 1331, as the claims raise federal questions under the laws and Constitution of the United States, and 28 U.S.C. § 1332, as Plaintiff and all Defendants are diverse and the amount in questions exceeds $75,000, exclusive of interests and costs.

2.

This Court has personal Jurisdiction over the Defendants as they reside and are domiciled within Broward County, Florida.

3.

Venue is proper in the Southern District of Florida, Ft. Lauderdale Division, under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) as the Defendants reside in this District and all or a substantial part of the events giving rise to the Complaint occurred within this District.

## PARTIES

4.

At all times relevant to this Complaint, Defendant Captain Veronica Carroll was a United States citizen, a Florida resident, a sworn deputy of the Broward County Sheriff's Office, and the commander of Central Intake in the Broward County Main Jail.

5.

At all times relevant to this Complaint, Defendant Gale Kite was a United States citizen, a Florida resident, an Advanced Registered Nurse Practitioner, a Psychiatric Nurse, and an employee of Armor Correctional Health assigned to the Broward County Main Jail.

6.

At all times relevant to this Complaint, Defendant Nelson A. Hernandez was a United States citizen, a Florida resident, and a Psychiatrist and Doctor of Medicine practicing at Broward Health Medical Center.

7.

At all times relevant to this Complaint, Plaintiff Zachary Paul Cruz was a United States citizen. Mr. Cruz is a Virginia resident. At all times relevant to this Complaint, Plaintiff Cruz was residing at a private home with a Florida resident in Palm Beach County, Florida.

4

## <u>STATEMENT OF FACTS</u>

**A.  The Roles and Responsibilities of Defendants Carroll, Kite, and Hernandez**

8.

At all times relevant to this Complaint, Defendant Carroll was acting under color of state law. At all times relevant to this Complaint, Defendant Carroll was subject to the laws of the State of Florida and the Constitution of the United States.

9.

At all times relevant to this Complaint, Defendant Carroll was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Broward County Sheriff's Office.

10.

At all times relevant to this Complaint, Defendant Carroll was responsible for the operation of Central Intake at the Broward County Main Jail, for the conduct of the officers therein, and for the treatment of detainees housed therein.

11.

At all times relevant to this Complaint, Defendant Kite was subject to the laws of the State of Florida and the Constitution of the United States.

12.

At all times relevant to this Complaint, Defendant Kite was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines, and regulations of the Broward County Sheriff's Office and Armor Correctional Health.

13.

At all times relative to the Complaint, Defendant Kite was responsible for knowing and acting in accordance with the prevailing standard of care for a psychiatric nurse and Advanced Registered Nurse Practitioner (ARNP).

14.

At all times relevant to this Complaint, Defendant Hernandez was subject to the laws of the State of Florida and the Constitution of the United States.

15.

At all times relevant to this Complaint, Defendant Hernandez was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines, and regulations of the Broward Health Medical Center.

16.

At all times relative to the Complaint, Defendant Hernandez was responsible for knowing and acting in accordance with the prevailing standard of care for a psychiatrist and medical doctor.

**B.  Circumstances of the Arrest**

17.

On February 14, 2018, Zachary Cruz's brother allegedly perpetrated the school shooting at Marjory Stoneman Douglas High School.

18.

On March 19, 2018, Mr. Cruz was skateboarding around his former hometown of Parkland, Florida. Mr. Cruz was not carrying a weapon. He did not make any threats,

6

did not approach anyone, aggressively or otherwise, and did not behave in any odd manner.

19.

Mr. Cruz skateboarded onto the grounds of Marjory Stoneman Douglas High School after hours on a school day.

20.

M. Cruz did not enter any school buildings, did not break any gates, and did not otherwise force any entry.

21.

Mr. Cruz was approached by a Broward County Sheriff's Deputy. Mr. Cruz clearly and calmly cooperated with the Deputy; he did not flee, he did not resist, and he did not refuse to answer questions.

22.

Mr. Cruz truthfully provided his name, telephone number, employment status, and living situation.

23.

When asked why he was at the school, Mr. Cruz provided an answer understandable for anyone processing a traumatic experience; he was trying to soak it all in.

24.

Initially, the Deputies were preparing to issue a trespass warning to Cruz. However, upon learning that Mr. Cruz was the brother of Nicholas Cruz, Deputies arrested Cruz instead.

25.

According to the bond schedule issued by the Administrative Order of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Order Number 2015-14-Crim, the bond for this charge is set at $25.

26.

At approximately 7:00 p.m., Zachary Cruz expressed to the Deputies under Defendant Carroll's command that he wanted to, and was able to, post bond immediately.

27.

The policies and procedures of Broward Counties Sherriff's Office specifically permit the self-bonding of an individual.

28.

Though it was lawful for Mr. Cruz to post his bond, Defendant Carroll refused to permit Mr. Cruz to be taken to pay his bond and be released.

29.

At approximately, 9:54 p.m. on March 19, 2018, Andrea Hadyar paid Cruz's bond.

### C.  The Unlawful Involuntary Commitment

30.

At 9:54 p.m. on March 19, 2018, Andrea Hadyar paid Mr. Cruz's bond.

31.

Captain Veronica Carroll and the officers under her command refused to release Cruz after that bond was paid.

32.

Upon information and belief, in an effort to prevent Mr. Cruz's release post- bond, Defendants Carroll and Kite were prepared to utilize any reason available to detain Mr. Cruz.

33.

Mr. Cruz had been placed on suicide watch, which enabled Defendants Carroll and Kite to require that Mr. Cruz undergo a Baker Act evaluation prior to release.

34.

At 11:00 pm on March 19, 2018, Gale Kite, Ed.D ARNP, examined Mr. Cruz for less than 20 minutes. Defendant Kite did not speak to any of Mr. Cruz's family or friends. Nevertheless, Defendant Kite determined that Mr. Cruz was suffering from a mental illness that rendered him fit to be involuntarily committed.

35.

Defendant Kite completed writing her report from her evaluation with Mr. Cruz titled Certificate of Professional Initiating Involuntary Examination, by 11:30 pm on

March 19, 2018. This report launched the legal proceeding for the involuntary examination under Florida Statute § 394.463.

36.

As justifications for finding cause for Mr. Cruz's commitment, Defendant Kite wrote that Mr. Cruz had no telephone; no car; no responsible transportation; that Mr. Cruz was 'at risk of being released to the streets;' and that he had the entire community at unease.

37.

Defendant Kite certified that Mr. Cruz was incapable of determining if his examination was necessary and that without treatment, he was likely to suffer from neglect or refuse to care for himself.

38.

Defendant Kite certified that Mr. Cruz presented a threat to himself and that it was not apparent that his harm would be avoided through help of willing family, friends, or other services.

39.

Pursuant to this Certification, upon information and belief, Defendant Kite initiated a proceeding in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, for the involuntary examination of Mr. Cruz pursuant to F.S. § 394.463.

40.

Upon information and belief, in keeping with an ex parte order from a Circuit Judge, Mr. Cruz was transported by Broward County Sheriff's Deputies Kendrick and Marue-Puchue to Broward Health Medical Center.

41.

Upon information and belief, Defendant Kite was aware that Mr. Cruz did not present a danger to himself and was competent enough to refuse medical treatment.

42.

Upon information and belief, Defendant Kite was aware that Mr. Cruz had a place of residence and concerned friends that were seeking to care for him.

43.

Upon information and belief, Defendant Kite knew that there was no cause for the involuntary examination but certified otherwise for the express purpose of restraining Mr. Cruz.

44.

Defendant Kite caused Mr. Cruz to be held involuntarily for examination without any cause or lawful justification.

**D.  The Unlawful Involuntary Commitment**

45.

While in the custody of Broward Health Medical Center, Mr. Cruz was kept under the care of Dr. Nelson A. Hernandez.

46.

Mr. Cruz was found to be consistently pleasant, cooperative, and well dressed. Mr. Cruz's control over his behavior was noted, as was his ability to be calm, alert, articulate, and aware of his surrounding environment.

47.

No suicidal or homicidal ideation was noted. Mr. Cruz's thought process was found to be linear and organized.

48.

Upon information and belief, Defendant Hernandez initiated proceedings within the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida to adjudicate Mr. Cruz as incompetent to consent to treatment, despite finding that Mr. Cruz displayed no signs of mental illness or of wanting to cause harm to himself or others.

49.

The medical records of Broward Health Medical Center indicate that Mr. Cruz was Baker Acted for trespassing and bizarre behavior. Trespassing does not justify an involuntary examination.

50.

In the video of Mr. Cruz's arrest that was released to the public, no behavior of Mr. Cruz's can be considered bizarre. Mr. Cruz is calm and compliant.

51.

Mr. Cruz spent five days on 24-hour watch undergoing mental health evaluations. The doctors found no symptoms of depression, suicidal behaviors or ideation, or

homicidal behavior or ideation. Reported sadness was found temporary and not clinically troubling. No bizarre behavior was ever noted.

52.

Upon information and belief, Defendant Hernandez was aware that Mr. Cruz did not present a danger to himself and was competent to refuse medical treatment.

53.

Upon information and belief, while Mr. Cruz was in the custody of BHMC, Defendant Hernandez initiated proceedings to terminate Mr. Cruz's ability to consent to medical decisions.

54.

Upon information and belief, Defendant Hernandez was aware that Mr. Cruz had a place of residence and concerned friends there that were seeking to care for him.

55.

Mr. Cruz was released after 5 days, without any prescription for medication. While additional outpatient counselling was recommended, no such treatment was ordered or prescribed because, based on professional observations, Mr. Cruz did not display the signs of a mentally disturbed person.

56.

Upon information and belief, Defendant Hernandez knew that there was no cause for the finding that Mr. Cruz lacked capacity to consent to medical treatment, yet Defendant Hernandez certified that cause did exist for the purpose of restraining Mr. Cruz.

57.

Upon information and belief, Defendant Hernandez knew there was no cause for the finding that Mr. Cruz should be involuntarily admitted for inpatient treatment but certified that cause did exist for the purpose of restraining Mr. Cruz.

58.

Upon information and belief, Defendant Hernandez knew he had no lawful authority to restrain Mr. Cruz.

59.

Upon information and belief, despite the lack of authorization, Defendant Hernandez kept Mr. Cruz involuntary confined in Broward Health Medical Center for 5 days, longer than is authorized by Florida Statute § 39.463.

**COUNT I**
**VIOLATION OF CRUZ'S FOURTH AMENDMENT**
**RIGHTS FOR FAILURE TO RELEASE PLAINTIFF UPON PAYING BOND**
*(Against Captain Veronica Carroll in her individual capacity)*

60.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-44 as if set forth herein.

61.

At all times relevant to this Complaint, Cruz had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable

seizures of his person by law enforcement officers, such Captain Veronica Carroll and her subordinates.

62.

On March 19, 2018, Cruz was arrested for trespassing. The bond for this crime is set at $25. At 7:00 p.m., Mr. Cruz notified the Defendant or her subordinates that he wanted, and was able, to immediately pay his bond. Despite clear policies permitting this, Mr. Cruz's request was denied.

63.

At 9:54 p.m. on March 19, 2018, Andrea Hadyar paid Cruz's bond. Captain Veronica Carroll and the officers under her command refused to release Mr. Cruz after that bond was paid.

64.

Due to the Defendants' conduct, based on the facts incorporated into this Count and the allegations within this Count, because Captain Veronica Carroll and the officers under her command refused to release Mr. Cruz after his bond was paid and instead initiated involuntary examination proceedings to justify confining him to jail, Mr. Cruz is entitled to the relief he seeks.

15

**COUNT II**
**VIOLATION OF CRUZ'S FOURTEENTH AMENDMENT DUE PROCESS RIGHT**
**FOR FAILURE TO RELEASE PLAINTIFF UPON PAYING BOND**
*(Against Captain Veronica Carroll in her individual capacity)*

65.

Cruz hereby restates and incorporates by reference the allegations contained in

paragraphs 1-44 as if set forth herein.

66.

Based on all the facts incorporated to support this Count, Mr. Cruz's due process

rights were violated by Defendant Carroll through her unlawful containment of Mr.

Cruz after he posted his bond, forcing him to remain in jail and thereby restricting his

liberty.

**COUNT III**
**STATE LAW CLAIM OF FALSE IMPRISONMENT**
*(Against Captain Veronica Carroll in her individual capacity)*

67.

Cruz hereby restates and incorporates by reference the allegations contained in

paragraphs 1-44 as if set forth herein.

68.

Based on the facts alleged in this Complaint, Defendant Carroll falsely imprisoned

Plaintiff by continuing Plaintiff's incarceration after payment of his bond when Carroll

knew she had no lawful authority to do so. As such, Plaintiff is entitled to all damages

permissible by law.

<u>COUNT IV</u>
<u>MALICIOUS PROSECUTION</u>
*(Against Defendants Kite and Hernandez)*

69.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-59 as if set forth herein.

70.

At all times relevant to this Complaint, Cruz had a right to be free from malicious prosecution.

71.

Based on the facts incorporated into this Count and the allegations within this Count, Defendants Kite and Hernandez initiated a civil judicial proceeding against Mr. Cruz. That proceeding was terminated in Mr. Cruz's favor when he was released from Broward Health Medical Center without the need for further treatment.

72.

Based on the facts incorporated into this Count and the allegations within this Count, the Defendants lacked probable cause or any legal basis for the initiation of this civil proceeding and instituted that proceeding with malice. Mr. Cruz suffered damage as a result of this proceeding, having been held involuntarily for five days in Broward Health Medical Center.

73.

Due to the Defendant's conduct, based on the facts incorporated into this Count and the allegations within this Count, Mr. Cruz is entitled to relief.

## COUNT V
## STATE LAW CLAIM OF FALSE IMPRISONMENT
*(Against Defendants Kite and Hernandez)*

74.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-59 as if set forth herein.

75.

Based on the facts incorporated into this Count and the allegations within this Count, Defendants Kite and Hernandez falsely imprisoned Mr. Cruz by involuntarily committing him and holding him at Broward Health Medical Center for involuntary examination, while knowing they had no legal authority to do so. As such, Plaintiff is entitled to all damages permissible by law.

## COUNT V
## PUNITIVE DAMAGES
*(Against All Defendants)*

76.

Cruz hereby restates and incorporates by reference the allegations contained in paragraphs 1-59 as if set forth herein.

77.

Based on the facts alleged in this Complaint, Plaintiff is entitled to punitive damages, under all applicable laws, because, *inter alia*, Defendants Carroll, Kite, and Hernandez acted with willful and conscious indifference to the laws that protect Cruz's Constitutional rights.

<u>**COUNT VI**</u>
<u>**ATTORNEY FEES**</u>
*(Against Defendant Carroll)*

Based on the facts alleged in this Complaint, the Plaintiff is entitled to attorney's fees against all defendants under 42 U.S.C. § 1983, § 1988(b), and all applicable laws.

WHEREFORE, Plaintiff prays this Court:

a) That process issue and service be had on each Defendant;

b) That a jury trial be had on all issues so triable;

c) That Plaintiff recover all costs of this litigation;

d) That Plaintiff be awarded all other expenses in an amount to be determined at trial, including attorney fees;

e) That Plaintiff have judgment against Defendant Carroll, Kite, and Hernandez for punitive damages; and

f) That Plaintiff receives such other and further relief as this Court deems just and proper.

Respectfully submitted on this 7th day of May 2019,

<u>/s/ Dallas S. LePierre</u>
DALLAS S. LEPIERRE
Florida Bar No. 101126
*Counsel for Plaintiff*

NEXUS DERECHOS HUMANOS ATTORNEYS, INC.
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442 Telephone
(404) 592-6225 Facsimile
dlepierre@ndh-law.com
mdobbs@ndh-law.com