# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

**CASE NO.: 19-cv-61160-WPD**

ZACHARY PAUL CRUZ,

    Plaintiff,

v.

CAPTAIN VERONICA CARROLL,
In her individual capacity
GAYLE KITE, and
NELSON A. HERNANDEZ,

    Defendants.

_____/

## DEFENDANT GAYLE KITE'S MOTION TO DISMISS; OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AS TO COUNT IV

Defendant, GAYLE KITE ("Nurse Kite"), by and through undersigned counsel, pursuant to Rule 12(b)(1), (6) and Rule 12(e) of the Federal Rules of Civil Procedure and applicable Local Rules of the United States District Court for the Southern District of Florida, hereby files her Motion to Dismiss Plaintiff's Complaint [ECF No. 1]; or in the alternative, seeks a more definite statement, and in support states:

    1.    Plaintiff has brought two counts against Nurse Kite, Count IV for Malicious Prosecution and Count V for State Law Claim of False Imprisonment. Plaintiff has also alleged entitlement to punitive damages in Count VI (misnumbered as the second Count V) which is against All Defendants.

2. As an initial matter, Nurse Kite seeks dismissal of this case based on the settlement agreement with Sheriff's Office Captain Sherea Green and release agreed to by Zachary Paul Cruz, the Plaintiff in our case, which based on information and belief includes a release covering Nurse Kite. Captain Green has pending Defendant's Motion to Enforce Settlement in *Cruz v. Green*, No. 18-CV-60995-RKA (S.D. Fla. May 10, 2019). This matter is set to be heard before the Honorable Judge Roy K. Altman on June 11, 2019.

3. Also, based on *Cruz v. Green*, No. 18-CV-60995-RKA, Nurse Kite asserts that this case must be dismissed as a matter of law as Plaintiff failed to join Nurse Kite in the other case which is still pending before Judge Altman. *See* FED. R. CIV. P. 19(b)(4).

4. All of the claims and allegations against Nurse Kite are state law claims and Plaintiff has not established that Nurse Kite was acting under color of state law. For these reasons, pursuant to 28 U.S.C. § 1367(c)(3), this Court should not exercise supplemental jurisdiction over Nurse Kite and the state law claims against her; a District Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.

5. Plaintiff has failed to state a cause of action for which relief can be granted against Nurse Kite in Count IV for Malicious Prosecution and Count V for False Imprisonment.

6. In the alternative, if the Court is not inclined to dismiss both counts, Nurse Kite seeks a more definite statement as to Count IV for Malicious Prosecution.

7. For all of the reasons stated above and as further discussed below, Nurse Kite is entitled to an Order of dismissal of this case against her and for all such further relief as justice so requires, including but not limited to fees and costs as entitled to under 42 U.S.C. § 1988.

## I. STANDARD OF LAW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

Based on the standard to be applied to this Motion to Dismiss, Nurse Kite respectfully seeks an Order granting dismissal of all counts against her.

## II. SOME GENERAL ALLEGATIONS AS TO NURSE KITE

1. Nurse Kite was a part of a scheme "to unlawfully detain Mr. Cruz in Broward County Jail" [ECF No. 1, p.2].

2. "Based on Defendant Kite's 'findings,' Mr. Cruz was detained in Broward County Health Center for 5 days" [ECF No. 1, p.2].

3. "Once at Broward County Health Center, Defendant Hernandez, a doctor, initiated proceedings for the termination of Mr. Cruz's authority to make medical decisions, though there were no signs of mental illness" [ECF No. 1, p.2].

    4.    "Mr. Cruz had been placed on suicide watch, which enabled Defendants Carroll and Kite to require that Mr. Cruz undergo a Baker Act evaluation prior to release" [ECF No. 1, ¶ 33].

    5.    "At 11:00 pm on March 19, 2018, Gale Kite, Ed.D ARNP, examined Mr. Cruz for less than 20 minutes. Defendant Kite did not speak to any of Mr. Cruz's family or friends. Nevertheless, Defendant Kite determined that Mr. Cruz was suffering from a mental illness that rendered him fit to be involuntarily committed" [ECF No. 1, ¶ 34].

    6.    "[U]pon information and belief, Defendant Kite initiated a proceeding in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, for the involuntary examination of Mr. Cruz pursuant to F.S. § 394.463" [ECF No. 1, ¶ 39].

    7.    "Upon information and belief, in keeping with an ex parte order from a Circuit Judge, Mr. Cruz was transported by Broward County Sheriff's Deputies Kendrick and Marue-Puchue to Broward Health Medical Center" [ECF No. 1, ¶ 40].

### III. MEMORANDUM OF LAW

    **A.    Malicious Prosecution**

First, as an initial matter, Plaintiff has not identified if this cause of action is brought under Federal law or State law. While the elements are the same for both, Plaintiff cannot seek attorney's fees under 42 U.S.C. § 1988 for this cause of action as there is no specific allegation under 42 U.S.C. § 1983 for a violation of Plaintiff's clearly established U.S. Constitutional Rights.

This cause of action also fails as a matter of law if it was to be construed as having been brought under 42 U.S.C. § 1983 as there is no allegation that Nurse Kite was acting under the color of state law and was acting as a government actor. "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state

law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156-57 (1978)). "Merely acting pursuant to a statute does not make one's conduct 'under color of state law.'" *Foshee v. Health Mgmt. Associates*, 675 So. 2d 957, 959 (Fla. 5th DCA 1996) (affirming circuit court's dismissal of a count which failed to properly plead a § 1983 cause of action because defendants were not state actors) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 938, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982)). In considering whether a plaintiff could maintain an action against a private psychiatric facility, nurse, and psychiatrist for deprivation of her rights while acting pursuant to the Baker Act, the *Foshee* court concluded that the defendants were not state actors subject to suit under § 1983. *Id.* at 959-60. The court noted that rights secured by the Constitution are protected only against infringement by governments, and the deprivation of rights must be fairly attributable to the state. *Id.* at 960.

In our case Plaintiff has alleged that Nurse Kite was employed by a private corporation, Armor Correctional Health, with no allegation otherwise. "Simply because one acts pursuant to, or even under the authority of, a statute does not make one a state actor, and as a result, § 1983 offers no relief here." *United States ex rel. Settles v. Universal Health Servs., Inc.*, No. 3:16-CV-1-J-32JRK, 2016 WL 5791258, at *3 (M.D. Fla. Oct. 4, 2016). There are no Federal claims against Nurse Kite and there are also no allegations against Nurse Kite that support jurisdiction in this Court.

Regardless of whether this is a Federal or State law claim in Count IV, Plaintiff has failed to state a cause of action for malicious prosecution. First, in order "[t]o establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free of unreasonable

seizures." *See, e.g., Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). As already set forth, there are no claims that this cause of action is brought under Federal law. If brought under common law, "the constituent elements of the common law tort of malicious prosecution include[]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). A more expansive list of the elements requires that in order to prevail in a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *See Kingsland v. City of Miami,* 382 F.3d 1220, 1234 (11th Cir. 2004); *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).

Plaintiff cannot satisfy the element of initiation of a civil judicial proceeding as Plaintiff has alleged: "Upon information and belief, in keeping with an ex parte order from a Circuit Judge, Mr. Cruz was transported by Broward County Sheriff's Deputies Kendrick and Marue-Puchue to Broward Health Medical Center" [ECF No. 1, ¶ 40]. If it was a Circuit Judge that entered an ex parte Order to transport Mr. Cruz to Broward Health Medical Center, that action would have been the initiation of the involuntary examination pursuant to § 394.463(2)(a)(1.). According to § 394.463(2)(a), "An involuntary examination may be initiated by any one of the following…" If only

one of the events listed in the statute could initiate the Baker Act proceeding, then according to the allegation in Paragraph 40 of the Complaint, the judge initiated the proceeding.

While Plaintiff has also alleged in Paragraph 71 that "Defendants Kite and Hernandez initiated a civil judicial proceeding against Mr. Cruz," these conclusory statements are inconsistent. These inconsistent statements fail to put Nurse Kite on notice as to the claims against her and Count IV should be dismissed as a matter of law; or at the very least should lead to Plaintiff providing a more definite statement.

Plaintiff also states that the "proceeding was terminated in Mr. Cruz's favor when he was released from Broward Health Medical Center without the need for further treatment" [ECF No. 1, ¶ 71]. There is no allegation that the alleged proceedings begun by Nurse Kite were terminated. Based on the factual allegations, Dr. Hernandez made a decision to keep Plaintiff in the hospital after Nurse Kite made her determinations. Thus, based on Plaintiff's allegations, the alleged action of another person was to keep Mr. Cruz in the hospital longer. There is no favorable termination of "the Baker Act" which was alleged to have been instituted by Nurse Kite.

Accepting all of the well pleaded allegations as true, the existence of probable cause is a pure question of law for the court. *See Johnson v. City of Pompano Beach*, 406 So.2d 1257, 1259 (Fla. 4th DCA 1981). "Probable cause to have instituted the prior judicial proceeding is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged." *See Bell v. Anderson*, 414 So. 2d 550, 551 (Fla. 1st DCA 1982), pet. for rev. denied, 424 So. 2d 760 (Fla. 1982). The facts within the four corners of the complaint provide reasonable grounds for a "cautions person" to believe that based on the circumstances presented that Baker Act proceedings had

sufficient grounds to be implemented. The conclusory statements that "Defendants lacked probable cause" is insufficient in the face of actual factual allegations that support probable cause. Plaintiff has already alleged that because he was placed on suicide watch, Plaintiff was required to undergo a Baker Act evaluation prior to release. *See* [ECF No. 1, ¶ 33]. Plaintiff has also alleged that Nurse Kite examined Mr. Cruz and "determined that Mr. Cruz was suffering from a mental illness that rendered him fit to be involuntarily committed" [ECF No. 1, ¶ 34]. On the face of the Complaint, this establishes probable cause for Nurse Kite's actions. If this count is construed as being brought under 42 U.S.C. § 1983, then Nurse Kite, at the very least, had arguable probable cause for her actions.

For all of the reasons stated above, Count IV for Malicious Prosecution should be dismissed as a matter of law, or in the alternative a more definite statement should be provided.

### B. False Imprisonment

#### 1. This claim is a medical malpractice claim and not for false imprisonment.

First, as an initial matter, while this is entitled "State Law Claim of False Imprisonment," it is an end around a state law medical malpractice claim. Plaintiff's allegation is really that Nurse Kite negligently diagnosed Plaintiff and caused him to be committed. For this reason, this cause of action should be dismissed for Plaintiff's failure to comply with Florida's medical malpractice pre-suit requirements under Chapter 766 of Florida Statutes. By describing Nurse Kite as "responsible for knowing and acting in accordance with prevailing standard of care for a psychiatric nurse and Advanced Registered Nurse Practitioner" [ECF No. 1 ¶ 13], and alleging that Nurse Kite examined Mr. Cruz and determined he was suffering from a mental illness [ECF No. 1 ¶ 34], Plaintiff has set this up as a medical negligence claim. Plaintiff further alleges that Nurse Kite certified him despite the information which was presented to her [ECF No. 1 ¶¶ 36-44]. This is very similar to the

conclusion found in *Blom v. Adventist Health System/Sunbelt, Inc.* when discussing a claim for false imprisonment against a doctor that should have been treated as a medical malpractice claim:

> In the present case, however, the complaint essentially asserts that the physician was wrong in initiating the detention in connection with his responsibilities under the Baker Act. That is to say, the claim is that the physician was wrong in his diagnosis. Thus, the allegations of the complaint arise out of the rendition of medical care by licensed health care providers and are subject to the professional standards of care described in Chapter 766. *See Doe v. HCA Health Servs. of Fla., Inc.*, 640 So.2d 1177 (Fla. 2d DCA 1994).

*Blom v. Adventist Health Sys./Sunbelt, Inc.*, 911 So. 2d 211, 215 (Fla. 5th DCA 2005). As this case is a state medical malpractice case pretending be to a false imprisonment case, this case should be dismissed as a matter of law for Plaintiff's failure to comply with state law medical malpractice pre-suit requirements.

## 2. Plaintiff has failed to state a case of action for false imprisonment.

Plaintiff has failed to state a cause of action in Count V for False Imprisonment because pursuant to § 394.463(2)(a), Nurse Kite did not take Plaintiff into custody and was never responsible for the custody or "imprisonment" of Plaintiff. According to § 394.463(2)(a)(3.), "a law enforcement officer shall take into custody the person named in the certificate and deliver him…for involuntary examination." § 394.463(2)(a)(3.), Fla. Stat. (2018). There are no allegations, which are non conclusory, that would support that Nurse Kite, "an employee of Armor Correctional Health assigned to the Broward County Main Jail," did or even could have held Plaintiff at the Broward Health Medical Center.

Count V should be dismissed with prejudice as there are no facts which could support false imprisonment by Nurse Kite.

### C.     Punitive Damages

There are no allegations within the four corners of the Complaint which provide a reasonable basis for recovery of punitive damages against Nurse Kite. *See generally McFarland v. Conseco Life Ins. Co.*, No. 309-CV-598-J-32MCR, 2009 WL 3231634, at *1 (M.D. Fla. Oct. 2, 2009) (holding "the substantive pleading requirements for punitive damages in Florida Statute Section 768.72 remain intact even when read in conjunction with Federal Rule of Civil Procedure 8(a)(2)"); § 768.72(1), Fla. Stat. ("In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages."). Because the allegations do not support punitive damages against Nurse Kite, this claim for punitive damages against Nurse Kite in Count VI (mis-numbered Count V) should be dismissed as a matter of law.

### D.     Conclusion

Nurse Kite is entitled to dismissal of the claims against her based on the settlement and release in *Cruz v. Green*, No. 18-CV-60995-RKA (S.D. Fla. May 10, 2019) or the failure to join Nurse Kite in *Cruz v. Green*. If the Court is not inclined to take judicial notice of that case and dismiss this one, the claims and allegations against Nurse Kite are state law claims and Plaintiff has not established that Nurse Kite was acting under state law. For that reason, this Court may decide not to exercise supplemental jurisdiction over Nurse Kite and the state law claims against her. If the Court chooses to exercise supplemental jurisdiction, the Court should find that Plaintiff has failed to state a cause of action for which relief can be granted against Nurse Kite in Count IV for Malicious Prosecution and Count V for False Imprisonment.

In the alternative, if the Court is not inclined to dismiss both counts, Nurse Kite seeks a more definite statement as to Count IV for Malicious Prosecution.

WHEREFORE, Defendant, GAYLE KITE, by and through undersigned counsel, respectfully ask this Court for entry of an Order dismissing this case against her and all claims for damages against Nurse Kite, and for all such further relief as justice so requires, including but not limited to fees and costs as entitled to under 42 U.S.C. § 1988.

Dated on: June 3, 2019                              Respectfully submitted,

Kelley Kronenberg
Attorneys for Def/Kite
8201 Peters Road, Suite 4000
Fort Lauderdale, Florida 33324
Tel: 954-370-9970
Fax: 954-333-3763

By: /s/ *Louis Reinstein*
LOUIS REINSTEIN
Florida Bar No. 26852
lreinstein@kklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this June 3, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ *Louis Reinstein*

## SERVICE LIST

Dallas S. LePierre, Esq.
NEXUS DERECHOS HUMANOS ATTORNEYS, INC.
***Attorneys for Plaintiff***
44 Broad Street, NW
Suite 200
Atlanta, Georgia 30303
Tel: (404) 254-0442
Fax: (404) 592-6225
dlepierre@ndh-law.com
Mdobbs@ndh-law.com
*By CM/ECF*