IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61160-WPD

ZACHARY PAUL CRUZ,

    Plaintiff,

Vs.

CAPTAIN VERONICA CARROLL,
In her individual capacity, GAYLE KITE,
and NELSON A. HERNANDEZ,

    Defendants.

_____/

## **DEFENDANT, NELSON A. HERNANDEZ', MOTION TO DISMISS**

The Defendant, NELSON A. HERNANDEZ (hereinafter referred to as "HERNANDEZ"), by and through his undersigned counsel and pursuant to §§ 766.102; 766.104; 766.202; and 766.203, *Fla. Stats.* (2018), moves this Honorable Court for the entry of an Order dismissing the Complaint filed and served as against HERNANDEZ, and in support states as follows:

1.    Plaintiff, ZACHARY PAUL CRUZ (hereinafter referred to as "CRUZ"), filed his Complaint on May 7, 2019.

2.    CRUZ raises two causes of action against HERNANDEZ within his Complaint. [DE 1].

3.    Count IV of CRUZ' Complaint raises a cause of action against Defendants, GAYLE KITE (hereinafter referred to as "KITE") and HERNANDEZ, for Malicious Prosecution and incorporates the allegations set forth in Paragraphs 1-59 of the Complaint. [DE 1; ¶ 69].

4.    Pursuant to CRUZ' factual allegations within Paragraphs 1-59 of the Complaint (further discussed below), CRUZ alleges prior to his arrival at Broward Health Medical Center

and being under the care of HERNANDEZ, KITE already determined CRUZ was suffering from a mental illness that rendered him fit to be involuntarily committed, completed a Certificate of Professional Initiating Involuntary Examination, certified CRUZ was incapable of determining if his exam was necessary, determined CRUZ presented a threat to himself, and <u>launched the legal proceeding for the involuntary examination</u> under Florida Statute § 394.463. [DE 1, ¶¶ 32-38].

5. Despite setting forth factual allegations that KITE and Defendant, CAPTAIN VERONICA CARROLL (hereinafter referred to as "CARROLL") initiated the proceedings against CRUZ under § 394.463, Fla. Stat., CRUZ contradicts the incorporated factual allegations and pleads "Defendants Kite and Hernandez initiated a civil judicial proceeding against Mr. Cruz" in Count IV. [DE 1, ¶ 71]. The contradiction cannot be reconciled. It is clear, through CRUZ' own allegations, CRUZ was only transferred to Broward Health Medical Center after the Court executed an Ex-Parte Order from a Circuit Judge ordering a psychiatric evaluation to be performed and HERNANDEZ only saw CRUZ to comply with that Order. [DE 1, ¶ 40].

6. Count V of CRUZ' Complaint raises a cause of action against KITE and HERNANDEZ for False Imprisonment, therein alleging Defendants "Kite and Hernandez falsely imprisoned Mr. Cruz by involuntarily committing him and holding him at Broward Health Medical Center for involuntary examination, while knowing they had no legal authority to do so." [DE 1, ¶ 75].

7. CRUZ claims he is "utilizing 42 U.S.C. § 1983 as the statutory vehicle to vindicate CRUZ' rights under the Fourth and Fourteenth Amendment of the U.S. Constitution and all other applicable laws." [DE 1, p. 1].

8.  Reviewing CRUZ' allegations within Count IV and Count V, with the incorporated factual allegations, Florida's Medical Malpractice Act must apply to both causes of action against HERNANDEZ.

### I. FACTUAL ALLEGATIONS

#### A) Allegations prior to CRUZ arriving to Broward Health Medical Center

9.  CRUZ pleads: "[a]t all times relative to the Complaint, Defendant Hernandez was responsible for knowing and acting in accordance with the prevailing standard of care for a psychiatrist and medical doctor." [DE 1, ¶ 16].

10. The events leading up to his alleged admission to Broward Health Medical Center began on the night of March 19, 2018, as CRUZ was skateboarding on the grounds of Marjory Stoneman Douglas High School after hours on a school day, the same school his brother, Zachary Cruz, allegedly perpetrated a school shooting. [DE 1, ¶¶ 17-18].

11. He was approached by Broward County Sheriff's Deputy and the deputies initially began preparing to issue a trespass warning to CRUZ, but upon learning he was the brother of Nicholas Cruz, they arrested CRUZ instead. [DE 1, ¶¶ 21, 24].

12. Allegedly, CRUZ' bond was set by the Administrative Order of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, at $25 and at 7:00 p.m. when CRUZ arrived at the Broward County Jail, CRUZ requested to pay his bond. [DE 1, p. 1; ¶¶ 25-28].

13. CRUZ alleges at 9:54 p.m., Andrea Hadyar paid CRUZ' bond and CARROLL and KITE acted to prevent his release post-bond. [DE 1, p. 9; ¶¶ 30-33].

14. CRUZ alleges a course of action to unlawfully detain him in Broward County Jail was condoned, ordered, and ratified by CARROLL and carried out by KITE. [DE 1, p. 2].

15. CRUZ alleges KITE maliciously <u>initiated proceedings</u>, on nonexistent grounds, for the involuntary examination of CRUZ under Florida's Baker Act. [DE 1, p. 2]. CRUZ claims he was placed on suicide watch which enabled CARROLL and KITE to require CRUZ to undergo a Baker Act evaluation prior to release. [DE 1, ¶ 33].

16. CRUZ claims at 11:00 p.m., KITE examined him for less than twenty minutes, did not speak to his family or friends, but nevertheless determined CRUZ was suffering from a mental illness that <u>rendered him fit to be involuntarily committed.</u> [DE 1, ¶ 34].

17. CRUZ claims KITE completed writing her report from her evaluation with CRUZ titled Certificate of Professional Initiating Involuntary Examination by 11:30 p.m. and <u>the report launched the legal proceeding for the involuntary examination under Fla. Stat. § 394.463</u>. [DE 1, ¶ 35].

18. As justification for CRUZ' commitment, KITE wrote CRUZ had no telephone, no car, no responsible transportation, and CRUZ was at risk of being released to the streets and he had the entire community at unease. [DE 1, ¶ 36]. KITE certified CRUZ was incapable of determining if his examination was necessary and without treatment, CRUZ was likely to suffer from neglect or refuse to care for himself. [DE 1, ¶ 37]. KITE certified CRUZ presented a threat to himself and that it was not apparent his harm would be avoided through help of willing family, friends or other services. [DE 1, ¶ 38]. CRUZ claims KITE's certification <u>initiated the proceedings</u> in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida, for the involuntary examination of CRUZ pursuant to Fla. Stat. § 394.463. [DE 1, ¶39].

19. Pursuant to an Ex-Parte Order from a Circuit Judge, CRUZ was transported to Broward Health Medical Center [DE 1, ¶ 40]. KITE <u>caused CRUZ to be held involuntarily for examination</u> without any cause or lawful justification. [DE 1, ¶ 44].

### B) Broward Health Medical Center

20. The verified petition for risk protection order was initiated by the Broward County Sheriff's Office on March 20, 2018. [See attached Docket as Exhibit "A"]. The temporary Ex-Parte petition for risk protection order was granted. Also, the Probable Cause Determination for CRUZ was executed March 20, 2018 indicating CRUZ' bond was set to $500,000 and a "psych evaluation - 10 days" was ordered. [See attached as Exhibit "B"].

21. CRUZ pleads HERNANDEZ was, at all material times, a psychiatrist and Doctor of Medicine practicing at Broward Health Medical Center and, at all times relative to the Complaint, HERNANDEZ was responsible for knowing and acting in accordance with the prevailing standard of care for a psychiatrist and medical doctor. [DE 1, p.4; ¶ 16].

22. Specifically, CRUZ alleges that while he was in the custody of Broward Health Medical Center, he was kept under the care of HERNANDEZ. [DE 1, ¶ 45].

23. CRUZ alleges HERNANDEZ initiated proceedings within the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, to adjudicate CRUZ as incompetent to consent to treatment. [DE 1, ¶ 48].

24. CRUZ notes medical records of Broward Health Medical Center indicate CRUZ was Baker Acted for trespassing and bizarre behavior. CRUZ spent five days on 24-hour watch undergoing mental health evaluations. CRUZ claims the doctors found no symptoms of depression, suicidal behaviors or ideation, or homicidal behavior or ideation. Reported sadness was found temporary and not clinically troubling and no bizarre behavior was noted. [DE 1, ¶¶ 49; 51].

25. CRUZ alleges HERNANDEZ was aware CRUZ did not present a danger to himself and was competent to refuse medical treatment but initiated proceedings to terminate his ability to consent to medical decisions. [DE 1, ¶¶ 52-53].

26. CRUZ was released after five days and additional outpatient counseling was recommended. [DE 1, ¶ 55].

## II. ARGUMENT

### A) FAILURE TO ABIDE BY FLORIDA MEDICAL MALPRACTICE ACT

27. CRUZ' causes of action against HERNANDEZ arose from the rendering of, or failure to render, medical care or services. Thus, certain presuit requirements are triggered under Florida's Medical Malpractice Act, such as a presuit investigation and presuit notice.

28. At no time prior to the filing of CRUZ' Complaint has HERNANDEZ received a notice of intent to initiate litigation and CRUZ has either failed to exhaust his administrative remedies before filing this suit or has failed to properly allege the satisfaction of the conditions precedent to bringing suit. *See Gullo v. Prison Health Services, Inc.*, 2007 WL 3340396, at *1 (M.D. Fla. Nov. 9, 2007).

29. The statutory classification under § 766.101(2)(b), *Fla. Stat.* (2018), lists "health care providers" to include "physicians licensed under chapter 458, osteopathic physicians licensed under chapter 459, podiatric physicians licensed under chapter 461, optometrists licensed under chapter 463, dentists licensed under chapter 466, chiropractic physicians licensed under chapter 460, pharmacists licensed under chapter 465, or hospitals or ambulatory surgical centers licensed under chapter 395." HERNANDEZ is a psychiatrist licensed under Chapter 458 and is subject to the Medical Malpractice Act presuit statutes.

30. Section 766.106, *Fla. Stat.* (2018), which forms part of the Comprehensive Medical Malpractice Reform Act of 1985, identified medical negligence or medical malpractice claims as those "arising out of the rendering of, or the failure to render, medical care or services." *Fla. Stat.* § 766.106(1)(a) (2018). A claimant must comply with certain procedural requirements prior to initiating a lawsuit, including providing the prospective defendant with a notice of intent to sue, and conducting presuit screening. *See Fla. Stat.* § 766.106(2) and *Fla. Stat.* § 766.203(2) (2018). "No suit may be filed for a period of 90 days after notice is mailed to any prospective Defendant." *Fla. Stat.* § 766.106(3)(a) (2018). These requirements are conditions precedent to maintaining a suit for medical malpractice. *Univ. of Miami v. Wilson*, 948 So. 2d 774, 776 (Fla. 3d DCA 2006).

31. CRUZ' claims against HERNANDEZ are directly related to the medical and mental diagnosis, treatment, and care provided by HERNANDEZ, a health care provider to CRUZ. CRUZ' claims against HERNANDEZ will depend on whether the healthcare provider committed medical malpractice and whether the prevailing professional standard of care for a health care provider was met by HERNANDEZ; therefore, CRUZ is required to comply with the presuit procedural statutory requirements. *See Johnson v. McNeil*, 278 Fed. Appx. 886 (11th Cir. 2008).

32. Under Florida law, it has been widely recognized and firmly established throughout the District Courts as well as the Florida Supreme Court that failure to comply with the presuit statutes precludes the maintenance of a malpractice action and the proper remedy is dismissal of a CRUZ' Complaint. *See Ingersoll v. Hoffman*, 589 So. 2d 223 (Fla. 1991) (presuit requirements contained in the Florida Statutes for medical malpractice actions are a condition precedent to filing suit); *Williams v. Campagnulo*, 588 So. 2d 982 (Fla. 1991) (to ensure consistency with the *Ingersoll* and *Lindberg* decisions, the Supreme Court found that failure to comply with presuit statutes requires dismissal of the action); *MacDonald v. McIver*, 514 So. 2d 1151 (Fla. 2d DCA

1987) (failing to comply with presuit requirements precluded suit); *NME Hospital Inc., v. Azzariti*, 573 So. 2d 173 (Fla. 2d DCA 1991) (compliance with the statute is a condition precedent to maintaining a suit against a health care provider); *Shands Teaching Hospital v. Miller*, 642 So. 2d 48 (Fla. 1st DCA 1994) (in order to avoid dismissal of a complaint with prejudice, the medical malpractice plaintiff is required to submit a sufficient affidavit from an expert to support a medical claim for medical malpractice. *Miami Physical Therapy v. Savage*, 632 So. 2d 114 (Fla. 3d DCA 1994) (requiring dismissal of the action for failure to comply with the presuit statutes); and *Archer v. Maddux*, 645 So. 2d 544 (Fla. 1st DCA 1994) (if a medical malpractice complaint is filed without proper corroborating expert opinion, the Defendants' proper remedy is a motion to dismiss).

33. It does not matter whether CRUZ' claims are framed as intentional torts or instead as negligence. *See Paulk v. Natl. Med. Enterprises Inc.*, 679 So. 2d 1289, 1290 (Fla. 4th DCA 1996) (claim against hospital alleging they had operated as a criminal enterprise to defraud their patients by extending hospitalization without medical necessity in order to exhaust available insurance coverage was claim for medical malpractice subject to statutory requirements of presuit investigation and presuit notice of intent to sue.). "One early theoretical underpinning of claims for medical malpractice was the intentional torts of assault and battery—the departure from the standard of care constituted an unconsented touching of the patient's body." *Id.*

34. "Courts have repeatedly indicated that the application of chapter 766 is not limited to only those actions defined as 'negligence.'" *Smith ex rel Ashley v. Brevard County, Fla.*, 2006 WL 2355583, at *7 (M.D. Fla. Aug. 14, 2006); *citing Paulk*, 679 So.2d at 1290 n. 3 ("Even though chapter 766 uses the term 'negligence' or 'medical negligence' in several of its provisions, we do not believe that the legislature intended to limit coverage of the statutory scheme to only those actions framed in terms of negligence. It seems to us that the intent expressed in the text is to

extend the statute whenever the medical judgment of the provider is being challenged."); *Tunner v. Foss,* 655 So.2d 1151, 1152 (Fla. 5th DCA 1995) (claim that as a result of intentional, willful and fraudulent deception, the plaintiff did not receive adequate medical care fell within the umbrella of the medical malpractice statute; plaintiff alleged that defendant intentionally deprived him of medical care and breached a fiduciary duty owed to plaintiff, which were intentional tort and contract claims, and medical negligence includes claims for medical malpractice whether grounded in tort or contract).

35. CRUZ alleges HERNANDEZ was responsible for acting in accordance with the prevailing standard of care for a psychiatrist and medical doctor. [DE 1, ¶ 16]. CRUZ' claims inescapably involve whether HERNANDEZ deviated from the professional standard of care for a psychiatrist for his alleged findings that CRUZ lacked capacity to consent to medical treatment and finding CRUZ be involuntarily admitted for inpatient treatment.

36. CRUZ has failed to abide by Florida's Medical Malpractice Act's statutory presuit requirements and the causes of action against HERNANDEZ should be dismissed. In addition to failing to fulfill statutory presuit requirements, CRUZ has failed to adequately plead a cause of action for malicious prosecution or false imprisonment against HERNANDEZ.

### B) FAILURE TO ADEQUATELY PLEAD ACTION UNDER 42 USC § 1983

37. CRUZ failed to sufficiently allege a § 1983 claim for malicious prosecution against HERNANDEZ. "A plaintiff suing pursuant to 42 U.S.C. § 1983 must demonstrate that a defendant's act or omission deprived him of a right secured under the Constitution or federal law and that said deprivation occurred under color of state law." Lyles v. Osceola County, 2012 WL 4052258, at *5 (M.D. Fla. Sept. 13, 2012); *citing Arlington v. Cobb County,* 139 F. 3d 865, 872 (11th Cir. 1988). CRUZ has failed to allege or make a showing that the injury in question was

inflicted under color of state law and fails to plead in Count IV that the injury involved a deprivation of "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Nelson v. Prison Health Services, Inc.,* 991 F. Supp. 1452, 1460 (M.D. Fla. 1997).

38. To establish a federal malicious prosecution claim under § 1983, CRUZ must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *See Kingsland v. City of Miami,* 382 F. 3d 1220, 1234 (11th Cir. 2004); *citing Wood v. Kesler,* 323 F. 3d 872, 881 (11th Cir. 2003).

39. Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued;
> (2) the present defendant was the legal cause of the original proceeding;
> (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff;
> (4) there was an absence of probable cause for the original proceeding;
> (5) there was malice on the part of the present defendant; and
> (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.; citing Durkin v. Davis,* 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002).

40. CRUZ does not plead there was malice on the part of HERNANDEZ.

41. CRUZ does not plead HERNANDEZ was the legal cause of the original proceeding. CRUZ pleads the original civil proceeding was initiated by KITE and CAROLL; not HERNANDEZ. Specifically, CRUZ pleads "Defendant Kite maliciously initiated proceedings, on nonexistent grounds, for the involuntary examination of Mr. Cruz under Florida's Baker Act. Based on Defendant Kite's findings, Mr. Cruz was detained in Broward County Health Center for 5 days." [DE 1, p. 2].

42. Contradictory allegations against HERNANDEZ cannot be reconciled. Further, public record verifies the petition for risk protection order was initiated by the Broward County Sheriff's Office on March 20, 2018. [See Exhibit "A"]. The Court Granted the Ex-Parte Petition for Risk Protection Order ordering the psych evaluation to be performed. That process, as plead, occurred prior to CRUZ' transfer to Broward Health Medical Center.

### C. FAILURE TO ADEQUATELY PLEAD STATE LAW CLAIM FOR FALSE IMPRISONMENT

43. "False imprisonment is the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty." *Johnson v. Weiner*, 155 Fla. 169 (1944). The tort's purpose is to protect personal freedom of movement by curtailing "detention without color of legal authority," which "occurs when 'there is an improper restraint [that] is not the result of a judicial proceeding.'" *Harder v. Edwards*, 174 So. 3d 524, 530 (Fla. 4th Dist. App. 2015); *citing Card v. Miami-Dade Cnty, Fla.*, 147 F. Supp. 2d 1334, 1347 (S.D. Fla. 2001) (quoting *Jackson v. Navarro*, 665 So. 2d 340, 341-42 (Fla. 4th DCA 1995).

44. The key aspects of false imprisonment are imprisonment contrary to the plaintiff's will and the unlawfulness of the detention. *Id.*; *citing Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F. 3d 1112, 1116 (11th Cir. 2006).

45. To state a cause of action for false imprisonment, CRUZ must establish four elements: "1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances." *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006); *Mathis v. Coats*, 24 So. 3d 1284, 1289-90 (Fla. 2d DCA 2010).

46. In *Johnson v. Weiner*, the Florida Supreme Court ruled "[t]o be liable in an action for false imprisonment, one must have personally and actively participated therein, directly or by

indirect procurement." 19 So. 2d at 701. In *Pokorny v. First Federal Savings & Loan Ass'n of Largo*, 382 So. 2d 678 (Fla. 1980), the Florida Supreme Court held that "a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers. 382 So. 2d at 682. "To so 'instigate' an arrest, the defendant must have taken an active role in encouraging or procuring the wrongful arrest. *Harder v. Edwards*, 174 So. 3d at 530.

47. HERNANDEZ only became involved after the arrest and as a result of a lawful judicial proceeding. As plead, HERNANDEZ was not involved in the arrest of CRUZ. HERNANDEZ was not involved in the procurement of the Ex-Parte order from the Circuit Court. HERNANDEZ' medical care and treatment of CRUZ occurred as a result of the Order of the Circuit Court.

48. Arrest and imprisonment, if based upon a facially valid process, cannot be false. *Jackson*, 665 So. 2d at 341; *Fisher v. Payne*, 93 Fla. 1085 (1927). CRUZ does not allege HERNANDEZ violated the requirements of the Baker Act or that CRUZ was involuntarily held without compliance with the Baker Act.

49. CRUZ has failed to state a cause of action for false imprisonment against HERNANDEZ.

### III. **CONCLUSION**

50. HERNANDEZ is a board-certified psychiatrist whose medical decision making has been inherently intertwined with the allegations and causes of action pled by CRUZ. CRUZ has failed to abide by long established statutory requirements of the Florida Medical Malpractice Act. Additionally, CRUZ has failed to state a cause of action for malicious prosecution or false

imprisonment against HERNANDEZ. For the foregoing reasons, HERNANDEZ respectfully requests CRUZ' Complaint be dismissed as to the causes of action asserted against him.

Dated: June 7, 2019

By: _____
RICHARD T. WOULFE
Florida Bar No.: 222313
BRAD J. KIMBER
Florida Bar No.: 98634
Pleadings.rtw@bclmr.com
BILLING, COCHRAN, LYLES, MAURO
 & RAMSEY, P.A.
515 East Las Olas Boulevard, 6th Floor
Fort Lauderdale, FL 33301
Phone: 954-764-7150, Fax: 954-764-7279
***Attorneys for Defendant HERNANDEZ***

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/S/ *Richard T. Woulfe*
*BRAD J. KIMBER*
*RICHARD T. WOULFE*