IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| **ZACHARY PAUL CRUZ,** | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 0:19-cv-61160-WPD<br>) |
| v. | )<br>)<br>) |
| **CAPTAIN VERONICA CARROLL**, in her individual capacity, **GAYLE KITE**, and **NELSON A. HERNANDEZ,** | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## PLAINTIFF'S AMENDED MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

COMES NOW Plaintiff, Zachary Cruz, by and through undersigned counsel, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and files this Amended Motion for Voluntary Dismissal. In support thereof, the Plaintiff states:

### PROCEDURAL HISTORY

Plaintiff filed their complaint on May 7, 2019. Defendant Carroll filed a Motion to Dismiss on June 11, 2019. (ECF 9.) On July 8, 2019, Plaintiff responded to Defendant Carroll's Motion to Dismiss. (ECF 22.) The Court issued an Order Granting in Part and Denying in Part Defendant Carroll's Motion to Dismiss on September 12, 2019. (ECF 44.) Defendant Carroll answered the Plaintiff's Complaint on October 3, 2019. (ECF 48.) Defendant Carroll filed an Unopposed Motion for Leave to File Amended Answer and Affirmative Defenses on December 10, 2019. (ECF 62.) An Order granting that Motion for Leave was entered on December 11, 2019. (ECF 63.) Defendant Carroll filed her Amended Answer and Affirmative Defenses on December 11, 2019. (ECF 64.)

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's Amended Motion for Voluntary Dismissal with Prejudice should be granted pursuant to Rule 41(a)(2) as there is no prejudice to the Defendant in granting this Motion. See Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015).

a. **Legal Standard**

A Plaintiff's ability to dismiss an action voluntarily is governed by Rule 41(a). Fed. R. Civ. P. 41(a). An action may only be dismissed by the plaintiff with leave of the court after the defendant has filed an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(2). Such a dismissal is without prejudice unless otherwise specified by the court. Id.

A district court enjoys broad discretion in ruling on a motion for voluntary dismissal under Rule 41(a)(2). See Arias, 776 F.3d at 1268. Such a motion should be granted "unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. Rule 41(a)(2) is intended primarily to prevent dismissals which unfairly affect the other side, permitting the imposition of "curative conditions" to such dismissals. Id. However, the court is charged with preventing prejudices "that may arise *from the dismissal*, not from the suit having been filed in the first place." Daniels v. Howe Law Firm, P.C., No. 115CV00827SCJRGV, 2017 WL 11026778, at *3 (N.D. Ga. May 2, 2017), report and recommendation adopted, No. 1:15-CV-0827-SCJ, 2017 WL 11026776 (N.D. Ga. May 24, 2017).

b. **Plaintiff's Motion should be granted as there can be no prejudice to Defendant**

Plaintiff has determined that his time and energy are better served elsewhere and has elected to no longer pursue this litigation. As a result, Plaintiff moves to dismiss this Action with Prejudice. Such a dismissal, with prejudice, cannot and does not present any clear legal prejudice to any defendant, and should therefore be granted.

The majority of the case law relating to dismissals under Federal Rule 41(a)(2) relates to motions made for dismissal without prejudice. See Id. at 1271-73 (discussing precedents). The reasons therefore are fairly clear; where a dismissal is with prejudice, the defendant faces no risks associated with wasted efforts or a second suit, the dismissal operates as if there was an adjudication in favor of the defendant. See Murdock v. Prudential Ins. Co. of Am., 154 F.R.D. 271, 273 (M.D. Fla. 1994) (noting a defendant has been freed from risk of relitigation after a dismissal with prejudice). As there are no risks of wasted efforts, lost defenses, or relitigation, a dismissal with prejudice does not present any clear legal prejudice to the Defendant in this action. Clark v. NCO Fin. Servs., Inc., No. 1:09-CV-0908-ODE-AJB, 2009 WL 10712257, at *2 (N.D. Ga. July 1, 2009), report and recommendation adopted, No. 1:09-CV-908-ODE, 2009 WL 10712258 (N.D. Ga. July 23, 2009) (holding that as the Plaintiff sought dismissal with prejudice, the defendant will not suffer any legal prejudice). As such, this Court should grant this Motion.

## CONCLUSION

Based upon the foregoing, there is no prejudice to the Defendant from granting Plaintiff's Amended Motion for Voluntary Dismissal with Prejudice. This Court should, therefore, grant this Motion.

4 | P a g e

WHEREFORE, Plaintiff prays this Court will enter an Order Granting this Amended Motion for Voluntary Dismissal with Prejudice, dismissing this case with Prejudice, and granting such other relief as is just and proper.

Respectfully Submitted this 29th day of July 2020,

/s/ DALLAS S. LEPIERRE
Dallas S. LePierre
Florida Bar No. 101126

NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442 Telephone
(404) 935-9391 Facsimile
dlepierre@ndh-law.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST
Zachary Paul Cruz v. Captain Sherea Green, et al.
Case No.: 0:19-cv-61160-WPD
United States District Court, Southern District of Florida – Fort Lauderdale

Beth Jeanne Leahy
Walton Lantaff Schroeder & Carson
110 E Broward Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Counsel for Veronica Carroll

Respectfully Submitted this 29th day of July 2020,

/s/ DALLAS S. LEPIERRE
Dallas S. LePierre
Florida Bar No. 101126

NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 254-0442 Telephone
(404) 935-9391 Facsimile
dlepierre@ndh-law.com
Counsel for Plaintiff